JS 44  (Rev 06/17)   EGS   **CIVIL COVER SHEET**   5:19-CV-4654

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

**I. (a) PLAINTIFFS**

Gerald Duffy

**DEFENDANTS**

Walmart    19   4654

**(b)** County of Residence of First Listed Plaintiff    Lehigh
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Northampton
*(IN U S PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name Address and Telephone Number)*
Jonathan Chase, Esq - Ruppert Manes Narahari
1628 JFK Blvd, Suite 1650, Philadelphia, PA 19103
(215) 475 3504 Direct

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U S Government Plaintiff | ☒ 3  Federal Question *(U S Government Not a Party)* |
| ☐ 2  U S Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U S C §§ 12101, et seq & 29 U S C §§ 2601, et seq
Brief description of cause
Americans With Disabilities Act ("ADA") & Family Medical Leave Act ("FMLA")

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P    DEMAND $    CHECK YES only if demanded in complaint    JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*    JUDGE _____    DOCKET NUMBER _____    OCT - 7 2019

DATE    10/03/2019    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

JS 44 Reverse (Rev 06, ; 7)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE· In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below
United States plaintiff  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here
United States defendant  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box
Federal question  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for  Nature of Suit Code Descriptions

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts
Removed from State Court  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441 When the petition for removal is granted, check this box
Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date
Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers
Multidistrict Litigation - Transfer  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407
Multidistrict Litigation - Direct File  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example U.S. Civil Statute: 47 USC 553 Brief Description Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19  4654

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  1337 W. Allen Street, Apt. 610, Allentown, PA 18102.

Address of Defendant:  3215 Commerce Center Blvd., Bethlehem, PA 18015

Place of Accident, Incident or Transaction:  3215 Commerce Center Blvd., Bethlehem, PA 18015

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE  10/03/2019                               312448

_____                  _____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

---

**CIVIL: (Place a ν in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☐ 5.  Patent
- ☐ 6  Labor-Management Relations
- ☐ 7.  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☑ 10. Social Security Review Cases
- ☑ 11  All other Federal Question Cases
      *(Please specify)*   ADA & FMLA

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1  Insurance Contract and Other Contracts
- ☐ 2  Airplane Personal Injury
- ☐ 3  Assault, Defamation
- ☐ 4  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)*
- ☐ 7  Products Liability
- ☐ 8  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
      *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I,   Jonathan Chase, Esq.   , counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

OCT -7 2019

DATE  10/03/2019                               312448

_____                  _____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R.C P 38

Civ 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Gerald Duffy | : | CIVIL ACTION |
| v. | : | **19    4654** |
| Walmart | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 10/3/2019 | Jonathan Chase, Esq. | Gerald Duffy |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 475 3504 Direct | (215) 475 3550 | jc@rmn-law com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT -7 2019

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Gerald Duffy,

   Plaintiff,

v.

Walmart

   Defendant.

19    4654

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Gerald Duffy (hereinafter referred to as "Plaintiff"), by and through his attorneys, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations of Walmart (hereinafter referred to as "Defendant"), the Americans With Disabilities Act ("ADA" - 42 U.S.C. §§ 12101, *et seq*), the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*) and corresponding Pennsylvania state law.

### JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.    Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to his EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.").

## PARTIES

6.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.    Plaintiff is an adult individual with a primary residence located at 1337 W. Allen Street, Apt. 610, Allentown, PA 18102.

8.    Defendant is a business corporation with a regular place of business located at 3215 Commerce Center Blvd., Bethlehem, PA 18015.

9.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.     At all times relevant herein, Plaintiff has suffered from serious health conditions, including diabetes and peripheral neuropathy. Plaintiff's serious health conditions substantially limit several major life activities, including but not limited to his ability to walk.

12.     Plaintiff was hired by Defendant on about May 1, 2017.

13.     Despite his aforementioned serious health conditions, Plaintiff was capable of performing the essential functions of his job with Defendant. However, at times, he required reasonable accommodations.

14.     For example, in about early July of 2018, Plaintiff's treating physician instructed Plaintiff that he required frequent breaks while at work so that that he could sit down and avoid prolonged standing or sitting. Plaintiff requested a reasonable accommodation in line with his physician's request.

15.     Defendant initially allowed Plaintiff to keep a chair nearby his work area, so that he could take breaks as needed. However, shortly thereafter, HR representative Candace Imoli ("Ms. Imoli") told Plaintiff that he was not permitted to have a chair in his work area.

16.     Further, rather than granting Plaintiff's request for frequent breaks, Defendant provided Plaintiff with an additional fifteen (15) to thirty (30) minutes of time added to one of his breaks. In other words, rather than grant Plaintiff's request for *frequent* breaks, Defendant allowed Plaintiff *one (1)* additional break throughout the day.

17.     On about July 27, 2018, Plaintiff sustained a work-related injury to his foot, namely, a fractured bone. This injury substantially limited Plaintiff's ability to walk.

18.     As a result of the work-related injury. Plaintiff requested additional accommodations. Specifically, Plaintiff requested that he be allowed to work in a light-duty capacity and further, that he not be assigned to work in a position that requires extensive walking.

19.    Assistant General Manager Scott House ("Mr. House") denied Plaintiff's request. Specifically, Mr. House said that "if [he] did that for [Plaintiff], [he] would have to do that for everybody else."

20.    On about November 245, 2018, Plaintiff was terminated from employment. Defendant's stated reason for terminating Plaintiff was that he was allegedly sleeping on the job. However, this is entirely untrue, as at the time in question, Plaintiff simply had one eye closed due to the fact that he had a stye on his eye.

21.    Plaintiff believes, and therefore avers, that he was denied reasonable accommodations and terminated for unlawful and pretextual reasons.

## Count I
## Violations of the ADA
### (Discrimination, Failure to Accommodate and Retaliation)

22.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

23.    As described in detail above, Plaintiff suffered from several serious health conditions, including diabetes, peripheral neuropathy and a fractured foot, each of which limited major life activities.

24.    Despite Plaintiff's serious health conditions, he was capable of performing the essential functions of his position with Defendant, provided that he be granted reasonable accommodations.

25.    Plaintiff was therefore a qualified individual with a disability as defined by the ADA.

26.    As set forth in detail above, Defendant denied Plaintiff's request for reasonable accommodations.

27. Defendant terminated Plaintiff's employment within a close temporal proximity of Plaintiff's request for reasonable accommodations.

28. Defendant's actions constitute violations of the ADA.

### Count II
### Violations of Pennsylvania Common Law
### (Wrongful Termination – Workers' Compensation Retaliation)

29. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

30. An at-will employee may bring a cause of action for wrongful termination where the termination threatens a clearly mandated public policy.

31. Pennsylvania has recognized the validity of a wrongful termination claim where the termination is in retaliation for filing a workers' compensation claim. *Schick v. Shirley*, 716 A.2d 1231 (Pa. 1998).

32. Plaintiff was terminated within a close temporal proximity of suffering a work-related injury and filing a claim for workers' compensation benefits.

33. Plaintiff was terminated because he filed a claim for workers' compensation benefits.

34. The above actions constitute wrongful termination.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay

increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**Ruppert Manes Narahari**
PA ID: 312448

1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jc@rmn-law.com

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To | Gerald Duffy<br>1337 W. Allen Street<br>Apt. 610<br>Allentown, PA 18101 | From | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601 7(a))*

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 530-2019-01513 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes   This does not certify that the respondent is in compliance with the statutes   No finding is made as to any other issues that might be construed as having been raised by this charge

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form )*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Janie R Williamson*

August 14, 2019

Enclosures(s)

**Jamie R. Williamson,
District Director**

*(Date Mailed)*

cc:

Scott A. Forman
Shareholder
Walmart
2301 McGee Street, Suite 800
c/o Littler Mendelson, P.C
Kansas City, MO 64108

Jonathan W. Chase, Esq.
KRAEMER, MANES & ASSOCIATES LLC
1628 John F. Kennedy Boulevard
Suite 1650
Philadelphia, PA 19103